UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.   5:15-CR-00322 -H

UNITED STATES OF AMERICA

v.

JOSHUA BOWER

## DEFENDANT'S SENTENCING MEMORANDUM
## IN SUPPORT OF A DOWNWARD DEPARTURE

COMES NOW, the Defendant, JOSHUA BOWER, by and through undersigned counsel, who hereby respectfully submits to this Honorable Court the following memorandum in support of a sentence below the advisory Sentencing Guideline range. In support of this motion, the Defendant offers the following:

**Background:**

Between July 16, 2014 and August 21, 2014, the Defendant, Joshua Bower along with Jonathan Joyner and Darius Herring (5:15-CR-316-H) committed a series of robberies of eight commercial establishments in Wake County, North Carolina. In a separate incident, Octavier Jones was robbed in Raleigh, North Carolina on August 19, 2014 during what was supposed to be a narcotics transaction.

The Defendant was initially charged with these offenses in State Court (Wake County, North Carolina). On October 28, 2015, fourteen months after his arrest, the Defendant was indicted in the Eastern District of North Carolina for the same offenses.

On March 4, 2016, Mr. Bower pled guilty to four of the sixteen counts of the Indictment: Conspiracy to Commit Hobbs Act Robberies; Interference with Interstate Commerce by Robbery and Aiding and Abetting; Use of a Firearm in the Course of a Crime of Violence; and being a Felon in Possession of a Firearm.

The United States Probation Office has calculated the defendant's Sentencing Guideline range as being a Total Offense Level 35, with a Criminal History of III, for a recommended range for sentencing of 210-262 months on the Conspiracy, Robbery, and Felon in possession of a Firearm convictions. The conviction for the Use of a Firearm int he Course of a Crime of violence carries a mandatory seven (7) year sentence that is to run consecutive to the sentence imposed in the other counts.

Undersigned counsel and the Defendant hereby request that the Court adjust his recommended guideline range <u>downward</u> for the following reasons:

**U.S.S.G. §3B1.1 - Role in the Offense**

In determining the Defendant's advisory Guideline Range, two points were assessed for Mr Bower's role in the offense. The Defendant has objected to the enhancement because the three defendants worked as a team. The Defendant and his co-defendants were equal partners in the charged offenses. The enhancement for each overt act/charged offense for being a leader and organizer overstates his involvement, or role in the offense in relation to the co-defendants. For example, at the Lowe's Food store robbery, the two individuals inside the premises discussed whether they should stay or leave. The decision was jointly made, without one or the other being a leader and organizer. Additionally, Mr. Herring was outside the store, with the "getaway" car, and waited for a number of hours for the return of the co-defendants. Neither of his co-

defendants did anything to cause him to wait that long for them. These are just two examples of the co-defendants acting independently.

The Sentencing Guidelines clearly provide for the Court to consider each and every defendant's role in the offense. Mr. Bower's role is that of an individual who is equally responsible for the offenses. The three defendants acted in tandem. We request that the two-point enhancement be removed from Mr. Bower's Guideline calculations, as a full consideration of the facts of these offenses, and the co-defendants' roles does not support an enhancement.

**U.S.S.G. 2B3.1(b)(4)(A) - Abduction of a Victim:**

In each of the offense conduct paragraphs, the Defendant was assessed an additional four (4) points for abducting a victim(s) pursuant to U.S.S.G. §2B3.1(b)(4)(A). This enhancement does not apply to the facts of the robberies. As noted above, and with the exception being the Lowe's Food robbery, none of the victims were abducted. Specifically, the notes to this section of the U.S.S.G. require that the victim be forced to accompany the defendant to another location, or was physically restrained by being tied, bound, or locked up. In the Lowe's food robbery, two victims were tied up. In the other robberies, no one was tied, bound, or locked up. No one else was forced to accompany the defendants to another location in the other robberies. To the extent that victims were ordered to enter into the coolers at some of the businesses, they were not locked in. Rather, they were told to wait 10, or 15 minutes before they exited.

There should be no enhancement for any of the robberies other than the Lowe's Food robbery.

As to the Lowe's Food robbery, there should only be a two (2) point enhancement, since the victims were physically restrained. Should the Probation Officer disagree, then the proper

3

Case 5:15-cr-00322-D   Document 76   Filed 06/10/16   Page 3 of 11

enhancement on the other counts should be a maximum of two points since there was no abduction.

**U.S.S.G. §2B3.1(b)(4)(A) - Weapons Enhancement:**

In calculating Mr. Bowers' guidelines, the Probation Department assessed a six (6) point enhancement for use of a firearm under U.S.S.G. §2B3.1(b)(4)(A). This enhancement is incorrect, and overstates the facts of each incident. The appropriate enhancement should be three (3) points for brandishing, or possessing a weapon. The victims noted in their statements to the police that the robbers stated that they were not going to rob them, and their only goal was to rob the businesses. Indeed, there is no report from any of the victims that they were robbed of any personal items, or their personal monies. Therefore, the facts of the case fail to support a six (6) point enhancement. Additionally, at least one of the weapons was an "air-soft" weapon, which further justifies the use of the three point enhancement.

Further, in the Guidelines calculations relating to the shooting of Octavier Jones, a seven (7) point enhancement is assessed, due to the fact that Jonathan Joyner shot at the victim. While it can not be denied that Octavier Jones and his baby were shot at, and his girlfriend was shot, the simple fact is that Mr. Bower was not the shooter. There is no dispute as to that fact. The victim told investigating officers that Mr. Bower told Joyner to "take care of this." Such a statement does not amount to an order to shoot the victim. It was not sufficiently specific to justify a seven point enhancement. This is especially so in light of the fact that the victim's ability to tell the truth is in question. The victim claimed he met with the defendants to purchase a car late at night, and declined to admit that he was meeting with the defendants to engage in a narcotics

transaction). These factors are sufficient to justify a reduction of the weapons enhancement to only three (3) points.

**Sentencing Standards:**

After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the applicable Sentencing Guideline range when determining a defendant's sentence. The sentencing court is free to consider a wide array of information about a defendant at sentencing, provided that information has a "sufficient indicia of reliability to support its probable accuracy." United States v. Hernandez-Villanueva, 473 F.3d 118, 122 (4th Cir.). The sentencing court applies the information about the defendant it deems reliable to the purposes of sentencing set out in 18 U.S.C. § 3553(a) according to following procedure: "(1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence; especially explaining why a sentence outside of the Sentencing Guideline range better serves the relevant sentencing purposes set forth in §3553(a)." United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006).

**Analysis of the 18 U.S.C. § 3553(a) Factors**:

The advisory Sentencing Guideline range far higher than necessary to satisfy the criteria and purposes of 18 U.S.C. § 3553(a).

a. Nature and Circumstances of the Offense:

The robberies were conducted in such a manner that no one was injured. Indeed, Mr. Bower is adamant that there was no intent whatsoever to harm any individual. This is further

supported by the fact that some of the victims reported that they were specifically advised by the robbers that they were not going to be robbed - that the purpose of the robbery was to take money from the corporations.

b. The Advisory Sentencing Guideline Range:

The Pre-sentence Investigation Report (PSR) submitted to the court by the United States Probation Department sets the Defendant's total offense level at 35, and a criminal history category III, resulting in an advisory Sentencing Guideline Range of 210 to 262 months of imprisonment, followed by an additional seven year sentence. All told, Mr. Bower is facing a sentence of at least 294 - 346 months in prison. Such a sentence is onerous, and unduly harsh, as further addressed below.

c. History and Characteristics of the Defendant:

Mr. Bower is 34 years old. Adopted at birth, Mr. Bower was raised in a large middle-class family. He has met his biological mother and other members of her family, but they are not close. Mr. Bower is the father of four children, whom he loves dearly. He is a man of Faith. He has actively contributed to his community. Since 2011, Joshua Bower has worked hard to be a law abiding citizen, and an asset to his family and community.

At the age of 16, Mr. Bower was involved in a robbery. The weapon used was a BB gun. Although he was one of three defendants, he was the only one ordered to do prison time - and he served three years in custody. That incarceration seems to have set Mr. Bower's life on a path that was difficult to reverse.

However, in 2011, Mr. Bower turned to the Lord. He began to get his life back on track, and received no further convictions. He was active in his church, and he maintained

employment. He was committed to youth outreach, he made religious videos that were posted on YouTube, and created Gospel CDs that expressed his love and faith in the Lord.

During the summer of 2014, Mr. Bower and his family got a puppy for the children As a result of that, his family was being evicted from their apartment. They had nowhere to go, and did not have enough money to be able to afford a new residence. Although he was employed, money was already scarce. He needed money for his family. He chose the wrong path, and as a result many people were hurt.

Mr. Bower is still devoted to his Faith, and looks forward to continuing to spread the Word in the future.

i. <u>To Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the Offense.</u>

Mr. Bower faces a substantial punishment. The question before the Court is "what is enough" to satisfy the 3553 factors. A reduction in the enhancements assessed by the Probation Office in the PSR would still leave the defendant with a substantial sentence. Regardless, he will not be a young man when he is released from prison - he will have "aged out" by the time of his release, since he is already 34 years old. U.S.S.G. 5H1.1. A sentence can be fashioned at a lesser level than the PSR reflects that will still reflect the seriousness of the crime, promote for respect for the law and provide a just punishment.

ii. <u>To afford adequate deterrence to criminal conduct:</u>

Again, the sentence that the defendant is facing is significant: he faces a mandatory minimum sentence of seven (7) years on the weapons count alone. Were he to serve the minimum sentence of seven years, his sentence will still be an absolute deterrent - to him, and any people who know him.

<u>iii. To protect the public from further crimes of the defendant:</u>

The public will be protected during Mr. Bower's incarceration, and has been so protected over 21 months. He has to pay for his offenses, but the mitigating factors of his case are such that a lesser sentence will still satisfy the 3553 factors.

<u>iv. To provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner:</u>

The Defendant would benefit from additional vocational training while he is incarcerated. The Defendant will take advantage of programs that will assist him in preparing for a law abiding life subsequent to his incarceration.

**Other Considerations:**

1. <u>U.S.S.G. 5K2.12 - Coercion and Duress:</u> As noted above, Mr. Bower and his family were in severe financial straits, and on the verge of being homeless (in a matter of days). At the time of the robberies, he was only seeking to obtain enough money to keep a roof over his family's head. As a result of this stress and duress, Mr. Bower reverted to his old ways. As he put it, he turned from the Lord, and it was a terrible mistake.

2. <u>U.S.S.G. 5K2.11 - Lesser Harms:</u> Despite the fact that Mr. Bower was involved in these offenses, he submits that it is significant that no one was hurt. This is not being stated in order to diminish the gravity of his offenses, or to deny his responsibility for his role in the offenses. Rather, he and his family were evicted from their house, and he determined that it was necessary to take such actions. He slipped, because of his financial situation. He committed these crimes, and it was wrong. Since there was no physical harm to the victims, Mr. Bower would submit that the offenses are not true crimes of violence. The offenses

could have resulted in far greater harm, but he ensured that this did not occur. Therefore, U.S.S.G. 5K2.11 - Lesser Harms would be applicable in justifying a reduction in his sentence.

3. <u>Medical Attention:</u>  In 2011, Mr. Bower was the victim of a shooting. He was shot in the leg, and back. He underwent extensive intestinal surgery as a result of the gunshot wounds. To this day, Mr. Bower still has medical issues. For this reason, we would request that the Court recommend to the Bureau of Prisons that he be placed at FMC Butner so he may receive continuing medical care. U.S.S.G. 5H1.4.

4. <u>Faith:</u> As noted above, Mr. Bower turned his life over to the Lord in 2011. Between 2011 and 2014, he maintained a job, spoke to troubled teens, performed Gospel music in numerous communities, preached, taught, and guided teens toward focussed lives with positive attitudes and goals.

5. <u>U.S.S.G. 5H1.6 - Family:</u> The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family. Bluntly stated, his family needs him.

6. <u>U.S.S.G. 5H1.9 - Reliance on a Criminal Livelihood:</u> These offenses were an aberration. Mr. Bower has been law abiding for a number of years - he has no criminal convictions since 2011. He has not relied on, or pursued a lifestyle based upon criminal activities. This would further justify a downward departure.

**<u>Conclusion</u>**:

9

Case 5:15-cr-00322-D   Document 76   Filed 06/10/16   Page 9 of 11

For the reasons set forth above, the defendant prays that this Court remove the two (2) point enhancement for Role in the Offense under U.S.S.G. 3B1.1, reduce the defendant's Offense level by an additional two (2) points under U.S.S.G. 2B3.1(b)(4)(A) as there was no abduction of the victims, and finally, reduce his Guidelines under the Weapons Enhancement U.S.S.G. §2B3.1(b)(4)(A) by three (3) points.

These adjustments would place the defendant at a level 24. At a Criminal History Level of III, his Guideline Range would then be 63-78 months, followed by the seven year sentence for violating 18 U.S.C. 924(c). A sentence in this range would certainly reflect the seriousness of the offenses, and meet the requirements of 18 U.S.C. 3553.

Respectfully submitted this 10th day of June, 2016.

  /s/ Mary Jude Darrow
MARY JUDE DARROW
Attorney for Joshua Bower
P.O. Box 41308
Raleigh, North Carolina   27629
Telephone: 919-696-3332
Fax: 919-845-0822
E-mail: maryjude@mjdarrowlaw.com
N.C. State Bar No. 34645
Appointed

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

Adam Hulbig
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by electronically filing the foregoing with the Clerk of Court on June 10th, 2016, by CM/ECF, which will provide electronic copies to the above named attorney.

This the 10th day of June, 2016.

**/s/Mary Jude Darrow**
MARY JUDE DARROW
Attorney for Joshua Bower
P.O. Box 41308
Raleigh, North Carolina   27629
Telephone: 919-696-3332
Fax: 919-845-0822
E-mail: maryjude@mjdarrowlaw.com
N.C. State Bar No. 34645
Appointed