**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4770

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSHUA BOWER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:15-cr-00322-H-1)

Submitted:  July 31, 2017                        Decided:  August 11, 2017

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sharon Leigh Smith, UNTI & SMITH, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Bower pled guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2012), Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(b)(1), 2 (2012), using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c), 2 (2012), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). The district court sentenced Bower to 294 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Bower's first attorney was ineffective or if the prosecutor committed misconduct regarding plea negotiations concerning a shooting that occurred during the conspiracy. Although notified of his right to do so, Bower has not filed a pro se supplemental brief.[1] We affirm the district court's judgment.

We review a claim that a party breached a plea agreement under a bifurcated standard;[2] the district court's factual findings are reviewed for clear error, while "the district court's application of principles of contract interpretation" are reviewed de novo. *United States v. Bowe*, 257 F.3d 336, 342 (4th Cir. 2001). Our "interpretation of plea

---

[1] Bower submitted a letter questioning whether the Supreme Court's recent decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), applies to his case. We conclude that it does not because the district court recognized its discretion to vary downward from Bower's Sentencing Guidelines range pursuant to the 18 U.S.C. § 3553(a) (2012) factors. *See id.* at 1176-77.

[2] Although counsel raised this claim as a claim of prosecutorial misconduct, we conclude that it is best understood as a claim that the Government breached an oral or implied promise in negotiating Bower's guilty plea.

2

agreements is rooted in contract law." *United States v. McLaughlin*, 813 F.3d 202, 204 (4th Cir. 2016) (internal quotation marks omitted). "[A] defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). The Government breaches a plea agreement when an express or implied promise or assurance it made to induce the plea remains unfulfilled. *See id.*; *United States v. Martin*, 25 F.3d 211, 217 (4th Cir. 1994).

We conclude that Bower's claim fails because of the merger provision in the plea agreement. "Just as we would honor an integration clause to a contract, we honor one in a plea agreement." *United States v. Barefoot*, 754 F.3d 226, 242 (4th Cir. 2014). Here, the only sentencing agreement in the plea agreement was that the Government would agree to a reduction for acceptance of responsibility. The integration clause states that there were no other agreements between the parties. *Id.* (recognizing that "an integrated agreement supersedes contrary prior statements" (alteration and internal quotation marks omitted)). Thus, any oral or implied promise to the contrary is unenforceable.

Moreover, although the plea agreement did not include restitution to the shooting victim, the district court had an independent obligation to calculate restitution. *See* 18 U.S.C. § 3664(a) (2012). The conspiracy count in the indictment included the shooting as an overt act, and conspiracy to commit Hobbs Act robbery qualifies as a

3

mandatory restitution offense. 18 U.S.C. § 3663A(c)(1)(A)(ii), (B) (2012). Thus, the district court was not bound by the parties' plea agreement to limit restitution to only the victims identified in the plea agreement. *See United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 925 (9th Cir. 2001). To the extent that Bower raises this claim as a claim of ineffective assistance of counsel, counsel's ineffectiveness does not appear on the face of the record and thus Bower should raise this claim, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Bower, in writing, of the right to petition the Supreme Court of the United States for further review. If Bower requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bower.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*