```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                    WESTERN DIVISION

               No. 5:15-CR-322-1H
               No. 5:18-CV-246-H
```

| | |
|---|---|
| JOSHUA BOWER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  MEMORANDUM IN SUPPORT OF |
| | )  <u>MOTION TO DISMISS</u> |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

Respondent, by and through the United States Attorney for the Eastern District of North Carolina, files this memorandum in support of its motion to dismiss Petitioner's motion under 28 U.S.C. § 2255. [D.E. 110].

<u>BACKGROUND</u>

On March 4, 2016, Petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. § 1951 (Count One); Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2 (Count Eight); brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Nine); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. [D.E. 63]. On June 15, 2016, the Court allowed Petitioner's oral motion to appoint new counsel. [D.E. 78, 79]. On November 8, 2016, the Court sentenced Petitioner

to, among other things, 210 months' imprisonment on Counts One and Eight and 120 months' imprisonment on Count Sixteen, to be served concurrently with each other, and 84 months' imprisonment on Count Nine, to be served consecutively with other offenses. [D.E. 93 at 3]. Petitioner appealed his criminal judgment. [D.E. 89]. On August 11, 2017, the United States Court of Appeals for the Fourth Circuit affirmed in an unpublished opinion. [D.E. 106].

On or about May 18, 2018, Petitioner filed a timely § 2255 motion. [D.E. 110]. Petitioner raises the following claims: (1) counsel was ineffective because Petitioner thought that counsel made an agreement with the government "to exclude [a] shooting . . . from the plea agreement" [D.E. 110 at 4]; (2) counsel was ineffective in failing to communicate with Petitioner and in failing to review the PSR with Petitioner prior to his sentencing hearing [D.E. 110 at 4]; (3) counsel was ineffective in failing "to adequately explain the plea agreement" to Petitioner [D.E. 110 at 4-5]; and (4) Petitioner's conviction on Count Nine should be invalidated in light of Johnson v. United States, 135 S. Ct. 2551 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018).

## ARGUMENT

The Court should dismiss Petitioner's motion pursuant to Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss pursuant to Rule 12(b)(6), [Petitioner's] '[f]actual allegations must be enough to raise a right to relief above the

2

speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Petitioner's allegations must "plausibly establish[] the elements of his asserted cause of action." United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency, 745 F.3d 131, 146 (4th Cir. 2014). "'[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.'" United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)). "Under § 2255(b), [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." United States v. Thomas, 627 F.3d 534, 539 (4th Cir. 2010) (internal quotation marks omitted).[1]

As to Petitioner's claims of ineffective assistance of counsel, Petitioner must show, under Strickland v. Washington, 466 U.S. 668, 687 (1984), "that counsel's performance fell below an

---

[1] Unless otherwise indicated herein, Respondent assumes, solely for purposes of this motion to dismiss, the facts alleged in Petitioner's motion. If the Court determines that Petitioner has stated a claim, Respondent asks that an evidentiary hearing be scheduled or that the record be expanded to allow Respondent to address the merits of Petitioner's claim.

objective standard of reasonableness." Sharpe v. Bell, 593 F.3d 372, 382 (4th Cir. 2010) (internal quotation marks omitted). "Judicial scrutiny of counsel's performance must be highly deferential, and a reviewing court must avoid the biases of hindsight." Id. (internal quotation marks and citation omitted); see also United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (noting that courts apply a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance'") (quoting Strickland, 466 U.S. at 689).

Second, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. When challenging a guilty plea, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Lafler v. Cooper, 132 S. Ct. 1376, 1384-85 (2012) (discussing Hill).

In his first claim, Petitioner maintains that counsel was ineffective because Petitioner believed that counsel had made an agreement with the government that a shooting would not be included in the plea agreement and, as a result, Petitioner "would not be affected adversely . . . by the use of said crime." [D.E. 110 at

4

4].  As part of his plea agreement, however, Petitioner agreed that the Court would take into account but would not be required to follow the advisory sentencing guidelines; "that the sentence has not yet been determined by the Court"; and "that any estimate of the sentence received from any source is not a promise[.]" [D.E. 63 at 8].  Petitioner's plea agreement did not include any stipulations regarding a shooting.  [D.E. 63 at 9-10].

During Petitioner's change-of-plea hearing, Petitioner stated that he read his plea agreement or had it read to him; that he discussed his plea agreement with counsel; that the plea agreement represented all agreements that he had with the government; and that he understood everything in the plea agreement. [D.E. 101 at 32-33].  Petitioner made these statements after an extensive colloquy with the Magistrate Judge and defense counsel regarding Petitioner's desire to have a more specific understanding of his sentencing exposure.  [D.E. 101 at 21].  Following that colloquy, Petitioner nevertheless pleaded guilty pursuant to the plea agreement.  Moreover, Petitioner made these statements while under oath.  [D.E. 101 at 11].  "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks and

5

citations omitted).  Given Petitioner's statements, Petitioner's claim fails, at the least, the prejudice prong of Strickland.

Petitioner's second claim likewise fails Strickland's prejudice prong.  Petitioner expresses frustration that he did not speak adequately with counsel (Darrow) and did not have the chance to review his PSR before his first sentencing hearing.  Petitioner, however, was represented by a different counsel (Hill) at his ultimate sentencing hearing.  [D.E. 100].  Petitioner has not alleged that Hill failed to communicate with him or failed to explain the PSR to him.  To the extent Petitioner complains about Darrow's plea-related communications, that complaint fails the prejudice prong because, as discussed previously, Petitioner knowingly and voluntarily entered into his plea agreement.  Thus, the Court should dismiss Petitioner's second claim.

Petitioner's third claim fails for the same reason as the first two.  Given Petitioner's statements, under oath, that he understood the plea agreement and that he discussed the plea agreement with counsel [D.E. 101 at 32-33], Petitioner cannot demonstrate a reasonable probability that he would have pleaded not guilty and proceeded to trial.

Petitioner's fourth claim fails because Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A) (the force clause) because it "has as an element the use, attempted use, or threatened use of physical force against the person or

6

property of another[.]"  See, e.g., United States v. Hill, 890 F.3d 51, 54-60 (2d Cir. 2018); United States v. St. Hubert, 883 F.3d 1319, 1328-29 (11th Cir. 2018); see also United States v. Castleman, 572 U.S. 157, 168-72 (2014); In re Irby, 858 F.3d 231, 237-38 (4th Cir. 2017); Usher v. United States, No. 5:11-CR-217-D, Docket Entry 400 at 5 (E.D.N.C. Sept. 6, 2018) (citing the above cases). Thus, Johnson and Dimaya (which addressed a different provision in ACCA and 18 U.S.C. § 16(b)) do not undermine Petitioner's conviction on Count Nine. In the alternative, if the Court finds that Hobbs Act robbery does not qualify under the force clause, Respondent asks the Court to stay this matter pending final decision in United States v. Simms, No. 15-4640. It is anticipated that Simms will address the effect (if any) of Dimaya on the residual clause part of the definition of crime of violence, see 18 U.S.C. § 924(c)(3)(B). Simms is scheduled to be argued this month before the full en banc Court of Appeals.

CONCLUSION

For these reasons, Respondent respectfully moves the Court to dismiss Petitioner's § 2255 motion.

Respectfully submitted, this 11th day of September, 2018.

ROBERT J. HIGDON, JR.
United States Attorney

BY: /s/ Seth M. Wood
SETH M. WOOD
Attorney for Respondent
Assistant United States Attorney
Appellate Division
310 New Bern Avenue
Suite 800 Federal Building
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
Email: seth.wood@usdoj.gov
N.C. Bar # 48345
D.C. Bar # 491011

8
Case 5:15-cr-00322-D    Document 115    Filed 09/11/18    Page 8 of 9

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 11, 2018, I served a copy of the foregoing upon the below-listed party by placing a copy in the U.S. Mail, addressed as follows:

  Joshua Bower
  Reg. No. 59788-056
  Bennettsville – F.C.I.
  P.O. Box 52020
  Bennettsville, SC 29512

          BY: /s/ Seth M. Wood
             SETH M. WOOD
             Assistant United States Attorney