IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-00322-D
No. 5:18-CV-00246-D

| | |
|---|---|
| JOSHUA BOWER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | GOVERNMENT'S RESPONSE IN<br>OPPOSITION TO PETITIONER'S<br>MOTION TO SUPPLEMENT |

Petitioner Joshua Bower ("Petitioner") seeks to supplement his motion to vacate under 28 U.S.C. § 2255, [D.E. 110], to assert three new claims. First, Petitioner lgseeks to supplement his § 2255 motion with a claim that his § 924(c) conviction should be vacated based on United States v. Davis, 139 S. Ct. 2319 (2019). [D.E. 131 at 2]. Second, he seeks to amend his motion with a claim that his § 922(g)(1) conviction should be vacated based on Rehaif v. United States, 139 S. Ct. 2191 (2019). Id. Finally, Petitioner seeks to amend his motion with claims challenging his sentencing enhancements. [D.E. 133-1 at 10].

As discussed below, Petitioner's motions to amend his § 2255 motion should be denied as futile. First, in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), the Fourth Circuit Court of Appeals held that Hobbs Act robbery is a "crime of violence" and, thus, Petitioner's § 924(c) conviction, for which the predicate offense was Hobbs Act robbery, remains valid. Second, Petitioner has procedurally defaulted on his

1

remaining claims. Accordingly, the Court should deny his motion to supplement his § 2255 motion.

## STATEMENT OF CASE AND FACTS

On March 4, 2016, Petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. § 1951 (Count One); Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2 (Count Eight); brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Nine); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. [D.E. 63]. The predicate offense for the § 924(c) charge in Count Nine was the substantive Hobbs Act offense set forth in Court Eight. See [D.E. 101 at 17, 36] On November 8, 2016, the Court sentenced Petitioner to 210 months' imprisonment on Counts One and Eight, and 120 months' imprisonment on Count Sixteen, to run concurrently, and 84 months' imprisonment on Count Nine, to be served consecutively to the other Counts. [D.E. 93 at 3]. Petitioner appealed his criminal judgment. [D.E. 89]. On August 11, 2017, Fourth Circuit affirmed in an unpublished opinion. [D.E. 106].

On May 18, 2018, Petitioner filed a § 2255 motion. [D.E. 110]. In his motion, Petitioner alleged: (1) counsel was ineffective because Petitioner thought that counsel made an agreement with the government "to exclude [a] shooting . . . from the plea agreement"; (2) counsel was ineffective in failing to communicate with Petitioner and in failing to review the PSR with Petitioner prior to his sentencing hearing; (3) counsel was ineffective in failing "to adequately explain the plea agreement" to

2

Petitioner; and (4) Petitioner's conviction on Count Nine should be invalidated in light of Johnson v. United States, 135 S. Ct. 2551 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). [D.E. 110 at 4-5]. On September 11, 2018, the government filed a motion to dismiss Petitioner's § 2255 motion. [D.E. 140, 141]. On December 10, 2018, Petitioner filed a response in opposition to the government's motion to dismiss. [D.E. 144].

On October 22, 2020, Petitioner filed a motion to amend his § 2255 motion. [D.E. 131]. In his motion to amend, Petitioner claims that his § 924(c) conviction should be vacated based on United States v. Davis, 139 S. Ct. 2319 (2019). [D.E. 131 at 2]. Petitioner also seeks to amend his motion with a claim that his §922(g)(1) conviction should be vacated based on Rehaif v. United States, 139 S. Ct. 2191 (2019). Id. On June 17, 2021, Petitioner filed a second motion to amend his § 2255 motion. [D.E. 133; 133-1]. In his second motion to amend, Petitioner seeks to add claims challenging his sentencing enhancements. [D.E. 133-1 at 10]. The United States now responds in opposition to Petitioner's motions to amend.

## ARGUMENT

A motion to supplement a § 2255 motion is governed by Federal Rule of Civil Procedure 15. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Under Rule 15, the court may permit a party to file supplemental pleadings "setting forth transactions or occurrences or events that happened after the date of the pleadings to be supplemented." Fed. R. Civ. P. 15(d). In determining whether leave should be granted to allow a party to supplement his or her pleadings, the court applies the

3

same standards as those for motions for leave to amend, under Federal Rule of Civil Procedure 15(a). See Davis v. Piper Aircraft Corp., 615 F.2d 606, 608 n.3 (4th Cir. 1980); Estate of Williams-Moore v. All. One Receivables Mgmt., 335 F. Supp. 2d 636, 644 (M.D.N.C. 2004) (explaining that Rule 15(d) motions to supplement are to be evaluated under the same standards used to evaluate motions to amend pleadings under Rule 15(a)); Stuart v. United States, No. 5:92-CR-114-BR-3, 2019 U.S. Dist. LEXIS 180754, at *5 (E.D.N.C. Oct. 17, 2019).

The Fourth Circuit has provided that leave to amend should be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment. Pittman, 209 F.3d at 317; Simmons v. United Mortg. And Loan Inv., LLC, 634 F.3d 754, 769 (4th Cir. 2016) (providing that a district court may deny a motion to amend when the amendment would be futile). An amendment is deemed futile if it would not withstand a motion to dismiss. See Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995). Petitioner's proposed amendments are futile and his motion to supplement must be denied.

**A. Petitioner's amended claim that his § 924(c) conviction should be vacated based on <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019) is without merit and is futile.**

Petitioner's motion to amend to add his Davis claim must be denied because the predicate offense for his § 924(c) conviction was a substantive count of Hobbs Act robbery, which is a crime of violence under Subsection A, the elements or force clause, of § 924(c). 18 U.S.C. § 924(c) defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

4

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

While the Fourth Circuit in Simms and Walker, and the Supreme Court in United States v. Davis, 139 S. Ct. 2319 (2019) determined that the residual clause of 18 U.S.C. § 924(c), Subsection B, is unconstitutional, these holdings do not impact Petitioner's convictions because Hobbs Act robbery is a crime of violence under § 924(c)'s force clause, Subsection A, which remains valid. The Fourth Circuit held as much in United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) ("we conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)"). Therefore, Petitioner's assertion that his Hobbs Act robbery conviction is not a crime of violence is without merit, and the Court should deny his motion to supplement his § 2255 motion.

**B.** **Petitioner has procedurally defaulted on his remaining claims and his motions to supplement his § 2255 motion should be denied as futile.**

Petitioner seeks to supplement his § 2255 motion with (1) a claim that his § 922(g)(1) conviction cannot stand based on Rehaif because the government never proved that he knew he possessed the firearm and (2) claims challenging his sentencing enhancements.[1] [D.E. 131 at 2; 133-1 at 10]. Petitioner has defaulted on

---

[1] The Supreme Court in Rehaif v. United States, supra, determined the Government must prove both that a defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm (e.g., a convicted felon). That decision, however, has no impact on the claim Petitioner attempts to raise in his motion to supplement. Indeed, the issue in Rehaif was whether the appellant knew he belonged to a relevant category of persons barred from possessing a firearm under § 922(g). See Rehaif,

5

these claims and his motion to supplement his § 2255 motion with these claims should be denied. Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" or actual innocence. Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 622 (1998). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. Petitioner does not allege, nor can he establish, that he made an objection to this Court or on appeal to the Fourth Circuit regarding his Rehaif claim or his claims that the Court incorrectly applied sentencing enhancements. Accordingly, he has procedurally defaulted on these issues. See Wainwright v. Sykes, 433 U.S. 72, 85-86 (1977) (claim defaulted when no contemporaneous objection was lodged at trial); Murray v. Carrier, 477 U.S. 478, 490-492 (1986) (claim not raised on direct appeal is procedurally defaulted); Love v. United States, No. 2:03-cr-00187-1, 2010 U.S. Dist. LEXIS 146252, at *19-20 (S.D. W. Va. May 28, 2010) (explaining that the petitioner procedurally defaulted on his claims that the United States breached the terms of his plea agreement because he failed to raise the issue on appeal).

As noted above, there are two ways to overcome procedural default. First, by showing both "cause" for the procedural default and "actual prejudice." Bousley, 523

---

139 S. Ct. 2195. Contrary to Petitioner's assertion, Rehaif made no change to the longstanding precedent that the government must prove the defendant "knew he possessed a firearm." See United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (explaining that the government must prove, beyond a reasonable doubt, that the defendant knowingly possessed, transported, shipped, or received, the firearm).

U.S. at 622. Second, by establishing actual innocence. Id. Here, Petitioner has failed to meet his burden.

First, "cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). Petitioner does not allege any ground that could constitute cause in his petitioner regarding his claims that the Court incorrectly applied sentencing enhancements. Nor does Petitioner state any grounds that could constitute cause for defaulting on his Rehaif claim. While subsequent changes in the law may constitute "cause", Reed v. Ross, 468 U.S. 1, 16 (1984), Rehaif made no change to the longstanding precedent that the government must prove the defendant "knew he possessed a firearm." See United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (explaining that the government must prove, beyond a reasonable doubt, that the defendant knowingly possessed, transported, shipped, or received, the firearm). Therefore, Petitioner cannot establish cause to overcome his procedural default and his motion should be denied.

Petitioner also cannot show "actual innocence." The "actual innocence" exception requires Petitioner to show that it was "more likely than not that no reasonable juror would have convicted him" had the district court correctly instructed the jury and given the government the opportunity to adduce evidence of the omitted element. Schlup v. Delo, 513 U.S. 298, 327-328 (1995). It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic

7

determination about what reasonable, properly instructed jurors would do. Schlup, 513 U.S. at 329. Given the facts presented during Petitioner's Rule 11 hearing and his sentencing, any reasonable juror would have found that Petitioner possessed a firearm and that there was evidence to support the sentencing enhancements. See [D.E. 100, 101]. Accordingly, Petitioner's motion to supplement his § 2255 motion with a Rehaif claim and claims challenging his sentencing enhancements should be denied as futile.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny Petitioner's motions to supplement [D.E. 131, 133].

Respectfully submitted, this 23rd day of July, 2021.

G. NORMAN ACKER, III
Acting United States Attorney

By: /s/ Asia J. Prince
ASIA J. PRINCE
Assistant United States Attorney
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
Email: Asia.Prince@usdoj.gov
N.C. Bar #48019
Attorney for United States of America

CERTIFICATE OF SERVICE

I do hereby certify that I have this 23rd day of July 2021, served a copy of the foregoing, upon the below-listed parties either electronically or by placing a copy in the U. S. Mail, addressed as follows:

Joshua Bower
Reg. Number 59788-056
FCI Texarkana
P.O. Box 7000
Texarkana, TX 75505

G. NORMAN ACKER, III
Acting United States Attorney

By: /s/ Asia J. Prince
ASIA J. PRINCE
Assistant United States Attorney
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
Email: Asia.Prince@usdoj.gov
N.C. Bar #48019
Attorney for United States of America