IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-322-D
No. 5:18-CV-246-D

| | |
|---|---|
| JOSHUA BOWER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 18, 2018, Joshua Bower ("Bower" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 294-month sentence [D.E. 110]. On September 11, 2018, the government moved to dismiss Bower's motion [D.E. 114] and filed a memorandum in support [D.E. 115]. On December 10, 2018, Bower responded in opposition [D.E. 119]. On August 8, 2019, Bower filed a supplemental argument [D.E. 122]. On October 3, 2019, Bower filed a letter pursuant to Fed. R. Civ. P. 28(j) [D.E. 124]. On October 26, 2020, Bower moved to amend and supplement his section 2255 motion [D.E. 131]. On January 22, 2021, the case was reassigned from the Honorable Malcolm J. Howard to the undersigned. See [D.E. 132]. On June 17, 2021, Bower again moved to amend and supplement his motion [D.E. 133]. On July 23, 2021, the government responded in opposition [D.E. 137]. As explained below, the court grants the government's motion to dismiss, dismisses Bower's section 2255 motion, denies Bower's motions to amend as futile, and denies a certificate of appealability.

I.

On March 4, 2016, pursuant to a written plea agreement, Bower pleaded guilty to conspiracy

to commit Hobbs Act robbery (count one), interference with commerce by robbery and aiding and abetting (count eight), using, carrying, and brandishing a firearm during and in relation to a crime of violence and aiding and abetting (count nine), and possession of a firearm and ammunition by a felon (count sixteen). See [D.E. 5, 61, 63, 101]. On November 8, 2016, the court held a sentencing hearing and adopted the facts as set forth in the Presentence Investigation Report ("PSR"). See [D.E. 88, 93, 100]. After addressing the objections, the court calculated Bower's total offense level to be 35, his criminal history category to be III, and his advisory guideline range to be 210 to 262 months' imprisonment on counts one, eight, and sixteen, and 84 months' consecutive imprisonment on count nine. See [D.E. 100] 2–18, 30. After denying Bower's request for a downward variance and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Bower to 210 months' imprisonment on counts one, eight, and sixteen, and 84 months' consecutive imprisonment on count nine, for a total sentence of 294 months' imprisonment. See [D.E. 93] 3; [D.E. 100] 19–35. Bower appealed [D.E. 89]. On August 11, 2017, the United States Court of Appeals for the Fourth Circuit affirmed the court's judgment. See United States v. Bower, 702 F. App'x 165, 166–67 (4th Cir. 2017) (per curiam) (unpublished); [D.E. 106, 107].

In Bower's section 2255 motion, Bower argues that he received ineffective assistance of counsel because (1) Bower thought that counsel made an agreement with government counsel "to exclude [a] shooting . . . from the plea agreement" so that he "would not be affected adversely . . . by the use of said crime"; (2) counsel failed to communicate with and to review the PSR with Bower; and (3) counsel failed to adequately explain the plea agreement. [D.E. 110] 4–5. Bower also contends that his 18 U.S.C. § 924(c) conviction should be invalidated in light of Johnson v. United States, 576 U.S. 591 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). See id. at 5.

Bower seeks to amend his section 2255 motion to assert three new claims. See [D.E. 131,

2

133]. First, Bower asserts that his 18 U.S.C. § 924(c) conviction is invalid due to United States v. Davis, 139 S. Ct. 2319 (2019). See [D.E. 131] 1–2. Second, Bower asserts that his 18 U.S.C. § 922(g)(1) conviction is invalid due to Rehaif v. United States, 139 S. Ct. 1291 (2019). See id. at 2–3. Third, Bower challenges his sentencing enhancements. See [D.E. 133] 13–25.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in

3

light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Bower must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting

4

Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

Bower's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Bower swore that he understood the charges to which he was pleading guilty. Bower also swore that he was fully satisfied with his lawyer's legal services, that he had reviewed and discussed his entire plea agreement with counsel before he signed it, that he understood each term in the plea agreement, and that the plea agreement constituted the entire agreement that he had with the government. See [D.E. 101] 32–33. The plea agreement does not contain anything about excluding a shooting. See [D.E. 63]. Bower also signed the plea agreement acknowledging that the court would take into account but would not be required to follow the advisory guidelines, "that the sentence had not yet been determined by the Court[,]" and "that any estimate of the sentence received from any source is not a promise[.]" Id. at 8. Bower signed the plea agreement and made these Rule 11 statements after an extensive colloquy regarding Bower's desire to understand his sentencing exposure more specifically. See [D.E. 101] 21–30. Accordingly, Bower has not plausibly alleged "that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1967–69; Hill, 474 U.S. at 59; Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Simply put, Bower would not have "insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694. Thus, to the extent Bower seeks to use these arguments to invalidate his guilty plea, Bower has not plausibly alleged prejudice from his counsel's
5

alleged failure to adequately explain the plea agreement or Bower's alleged confusion over excluding a shooting from the plea agreement.

As for counsel's performance at sentencing, Bower has not plausibly alleged prejudice. To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability that the defendant would have been sentenced differently if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Bower alleges that defense counsel Mary J. Darrow failed to speak with Bower adequately and to review his PSR with him before his first sentencing hearing. See [D.E. 110] 4. The court, however, adjourned that hearing without sentencing Bower. Darrow then withdrew, and the court appointed Myron T. Hill, Jr. to represent Bower at his sentencing hearing. See [D.E. 100]. Hill performed well at the sentencing, and Bower offers no specific, plausible complaints concerning Hill. Moreover, in light of the court's extensive discussion of the section 3553(a) factors, Bower has not plausibly alleged that Hill could have done something differently to obtain a different sentence for Bower. Thus, Bower has not plausibly alleged prejudice. See Sears, 561 U.S. at 956; Strickland, 466 U.S. at 699–700.

Alternatively, counsel's performance at the Rule 11 hearing was adequate and falls within the wide range of professional performance. Cf. Strickland, 466 U.S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or action. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant."). In the face of overwhelming evidence, Bower admitted his guilt and accepted responsibility for the robberies and for using a firearm. Cf. United States v. Gomez-Jimenez, 750 F.3d 370, 378–79 (4th Cir. 2014);

6

United States v. Perry, 560 F.3d 246, 254 (4th Cir. 2009); United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993). Moreover, Bower's PSR recounted the factual basis for Bower's guilty plea. See PSR ¶¶ 10–32. Counsel performed reasonably at the Rule 11 hearing. On this record, there was no deficient performance. See Strickland, 466 U.S. at 687–91.

As for Bower's claims that Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c) and that his conviction in count nine is therefore invalid, his claim that the government never proved that he knew he possessed the firearm, and his claim challenging his sentencing enhancements, Bower failed to raise these claims on direct appeal. Thus, the general rule of procedural default bars Bower from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621–22 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Bower has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from these alleged errors. See Bousley, 523 U.S. at 622–24; Frady, 456 U.S. at 170; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999). Accordingly, the court dismisses these claims.

Alternatively, Bower's Hobbs Act robbery claims fail on the merits. Hobbs Act robbery is a crime of violence under the force clause in 18 U.S.C. § 924(c)(3)(A), and Davis, Johnson, and Dimaya do not alter this conclusion. See United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Likewise, Bower's Rehaif claim fails. See, e.g., Greer v. United States, 141 S. Ct. 2090, 2096–2100 (2021). Thus, the court dismisses these claims.

After reviewing the claims presented in Bower's motion, the court finds that reasonable jurists would not find the court's treatment of Bower's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of

appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court DENIES as futile Bower's motions to amend [D.E. 131, 133], GRANTS the government's motion to dismiss [D.E. 114], DISMISSES Bower's section 2255 motion and amendments [D.E. 110, 131, 133], and DENIES a certificate of appealability.

SO ORDERED. This 28 day of July 2021.

JAMES C. DEVER III
United States District Judge

8

Case 5:15-cr-00322-D   Document 138   Filed 07/28/21   Page 8 of 8